## McMAHON *a.* THE MUTUAL BENEFIT LIFE INSUR- ANCE COMPANY.

*New York Superior Court; General Term, May* 1859.

JURISDICTION.—JUDGMENT FOR COSTS.

On dismissing an action for want of jurisdiction to hear and determine it upon its merits, the defendant is entitled to a judgment in it against the plaintiff, for costs.*

*It seems,* that if there were any question as to the *power of the court* to render such a judgment, where it has been in fact entered by the clerk, the proper practice to bring up the question would be by an 'appeal from the judgment.

Appeal from an order denying a motion to vacate a judgment.

This action was dismissed on the ground that the court had no jurisdiction to entertain it, by reason of the non-residence of the plaintiff. The defendant entered judgment for costs, which the plaintiff moved to vacate; the motion being denied, he appealed to the general term.

BY THE COURT.—BOSWORTH, Ch. J.—The complaint does not state where the plaintiff resides, and of course does not show that he is not a resident of the State. It does not appear, there-fore, on the face of the complaint, " that the court has no juris-diction of the subject of the action." The defendants could not demur to the complaint on the ground that the court had no jurisdiction of the action. (*Code,* § 144, subd. 1, and § 427.)

If the defendants had alleged, in their answer, that he did not reside in the State, that allegation would have been put at issue by section 168 of the *Code.*

The place of residence of a party, in many cases, is one diffi-cult to be determined. (1 *Bosw.,* 673.)

Had such an issue been made by the pleadings, and the proofs

---

* The contrary is held in the New York Common Pleas. Harriott *a.* The New Jersey Railroad Company. *Ante,* 284.

been such that it must have been determined upon conflicting evidence, it might have been necessary to take evidence as to all the issues, and to instruct the jury that if they found the plaintiff was not a resident at the time of suit brought, they must render their verdict for the defendants for that cause alone. And if they found he was a resident, then to dispose of the cause upon its merits, under the instructions given to them relating to the other matters in issue.

If the instructions of the court upon the law applicable to the issue of residence should be deemed erroneous, and be excepted to, or if a verdict, on that issue, in favor of the defendants, was thought to be against evidence, the plaintiff. would have a right to be heard at special term on these questions; and if the decision there was adverse, then on appeal, at the general term; and again, in the Court of Appeals upon the questions of law raised by the exceptions.

The defendants cannot avoid being made parties to an *action* in which this question may arise; and, if it does, cannot avoid litigating it until it is determined by a final determination of the action.

The plaintiff may, and has brought them before the court, and subjected them to the necessity of being parties to such a litigation, by making them defendants in an *action* which he has commenced as plaintiff.

It is just that the defendants should have the costs of such an action, if it is determined in their favor; when they are compelled to litigate the jurisdictional competency of the court to take cognizance of the action, and succeed on that question, they should have the costs of the proceedings in which it arises and by which it is determined.

The Code is peremptory, that in all actions to recover money, " costs shall be allowed to the defendant," " unless the plaintiff be entitled to costs therein." (*Code*, § 305.)

The plaintiff has failed to recover any thing, and is not entitled to costs. The Code has made no exception to the unconditional provision, that in such cases costs shall be allowed to the defendant.

The plaintiff contends that when an action is dismissed for want of *jurisdiction* to hear it and decide it on its merits, the defendant cannot have the costs of such action.

This question is fully considered in Hunt *a.* Inhabitants of

Hanover (8 *Metc.*, 343), under a statute substantially the same as the Code of this State.

The court decided that in such a case the defendant is entitled to judgment for costs. In their opinion, they observe that a court in which an action is made returnable, has, for some purposes, a jurisdiction of the case. "It must, necessarily, entertain jurisdiction so far as to hear and determine the question of jurisdiction generally. The parties may appear for this purpose; they are entitled to be heard, and may demand an adjudication." "The action is, therefore, upon its entry, pending in court." "There are, therefore, two adverse parties present, and when the result is that the motion of the defendant to dismiss the action prevails, the defendant is the prevailing party, and, as such, is entitled to judgment for his costs." (*Ib.*, 347.)

"If costs are allowed at all in such cases, it is under the general provision that costs shall be allowed to the prevailing party in actions at law. If they are refused, it is not because the court has any discretion to allow costs, but because the court has not the power to allow costs, by reason of their having no jurisdiction of the cases and of the parties.

"If the want of jurisdiction deprives the court of the power to award costs to the defendant in one case, it does in all cases obnoxious to the like objection. It is the fact of the want of jurisdiction that deprives the court of the authority to award costs, and not the difficulty or the facility with which the court arrives at the conclusion that the case is not within their jurisdiction." (*Ib.*, 346.)

The court then discuss the question, "whether the want of that jurisdiction of the action which is necessary to hear and determine it upon its merits, also operates to oust the court of authority to award the prevailing party his costs?"

It reached the conclusion already stated. The rule established as the correct interpretation of the statute there under consideration is, in our opinion, conformable to the fair meaning and import of the provisions of the Code relating to costs, "as well as entirely reasonable and proper in itself."

The opinion of the court in that case presents views, which, in our judgment, are not only satisfactory, but are conclusive, that the defendants in this case are entitled to costs, as a matter of course.

The order appealed from should be affirmed.

WOODRUFF, J.—I not only concur fully in the views expressed by Chief-justice Bosworth, but I deem it pertinent to add further, that the ground upon which it is urged that costs cannot be allowed to the defendants, is not that it is not eminently just that he should be indemnified for the expenses to which he has been subjected, but that the court having no jurisdiction, have *no power* to render any judgment, and therefore no power to award costs; and the cases cited, so far as they sustain any such proposition, rest the decision upon that sole ground. Without pausing to consider whether, before our Code of Procedure, it was unqualifiedly true that, when an action was terminated in the defendant's favor for want of jurisdiction of the action, he could not recover costs, notwithstanding the court had jurisdiction of the subject and of actions of that nature, the sole ground upon which the argument is urged, now fails entirely.

Under our Code of Procedure there may be a judgment, indeed in some cases there must by law be a judgment, even though the defendant prevails for want of jurisdiction. And the example stated by the chief-justice furnishes the illustration.

Suppose in this case the defendants had averred in their answer, that the plaintiff did not reside in this State, and the action had been brought to trial upon the issue joined upon that averment.

Proofs being taken, it would have been the duty of the court to instruct the jury that if they should find the averment in the answer proved, they should render a verdict for the defendants. And if the averment was proved, such would have been the verdict.

In such cases the statute in express terms directs, that " unless a different direction be given by the court, the clerk *must* enter judgment in conformity with the verdict" (§ 264), and thereupon section 311 becomes distinctly applicable. " The clerk shall insert in the entry of judgment, on the application of the prevailing party, the sum of the charges for costs," &c., allowed by the chapter concerning costs.

In this instance, then, it is plain that the defendant recovers his costs, and his judgment therefor. No specific order or direc-

tion of the judge is necessary. The *statute* awards to him his costs.

Again, as suggested in the opinion of the chief-justice, it cannot in principle make any difference whether the cause is terminated in favor of the defendants upon a formal issue made by the pleadings tried and disposed of by the jury, or is terminated on the trial upon the objection raised and determined in a mode warranted by our system of practice, though want of jurisdiction is not specially pleaded.

In that case, a judgment is, I apprehend, equally warranted by the Code. The judgment in the action is defined to be " the final determination of the rights of the *parties in the action.*" (§ 245.)

It often happens that the merits of the controversy are not finally decided—as when a complaint is demurred to for some defect apparent on its face, which does not involve the merits— and yet the final determination of the rights of the parties in the action is a judgment, as above defined. The decision on a demurrer to a complaint, where want of jurisdiction appears on its face, determines the rights of the parties in that action. Thereupon, the sections 279 and 280 become expressly applicable, and their terms show that the entry of such determination is the judgment in the cause, thus: " The clerk shall keep a book for the entry of judgments." " The judgment shall be entered in the judgment book, and shall specify clearly the relief granted, or *other determination of the action;*" and section 311 then, as before, requires the clerk to insert in the entry on application of the prevailing party, the sum of the charges for costs, &c.

In whatever mode, therefore, the action is finally determined, that determination may by these plain provisions be made the judgment of the court, and all provisions of the Code in relation to costs entitle the prevailing party to have them inserted therein.

If I deemed the question otherwise doubtful, I should still be constrained to say that the duty of the clerk is plainly pointed out by the provisions of the Code above referred to, and that he has in the present case done what it is uniformly proper and regular for him to do. He has made his entries in the same manner, and in all respects in conformity with the same prac-

tice which is proper and regular in all cases where a nonsuit or order dismissing the complaint is directed on the trial. He cannot be required, nor is he at liberty to deliberate upon the question, and decide whether the party is entitled to costs, upon any inquiry into the *reasons* or *grounds* which induced the court to order such nonsuit. And therefore, in my judgment, his entries are regular, and if they could be impeached for want of *power* in the court, the question can properly be reviewed by an appeal from the judgment, which has been regularly entered.

For these additional reasons, therefore, as well as for what seem to me the conclusive reasons assigned by the chief-justice, the order appealed from should be affirmed.

The order was affirmed, all the judges concurring.